UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KARL PETERSON and MARTINE BERTIN-PETERSON, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>GRAOCH ASSOCIATES #111 LIMITED PARTNERSHIP, a Washington limited partnership, et al.,<br><br>Defendants. | CASE NO. C11-5069BHS<br><br>ORDER GRANTING PETERSONS' MOTION FOR LEAVE TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiffs Karl Peterson and Martine Bertin-Peterson's ("the Petersons") motion for leave to amend complaint (Dkt. 43). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 25, 2011, the Petersons filed a complaint against Defendants Graoch Associates #111 Limited Partnership ("Graoch #111"), a Washington limited partnership; Graoch 111 G.P., L.P., a Washington limited partnership; Graoch 111-1 GP, Inc., a Washington corporation; and Gary M. Gray ("Gray"), acting individually and on behalf of his marital community comprised of himself and Jane Doe Gray. Dkt. 1. The Petersons assert causes of action for breach of contract, fraud, a violation of the

ORDER - 1

Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86, promissory estoppel, and breach of fiduciary duty.

On February 14, 2011, the Petersons filed an amended complaint adding Defendant Lester Pioch ("Pioch"), acting individually and on behalf of his marital community comprised of himself and Jane Doe Pioch. Dkt. 16.

On July 11, 2011, the Petersons filed a motion for leave to amend their complaint by adding additional defendants, an additional plaintiff, and a claim for violation of the Washington State Securities Act ("SSA"), RCW Chapter 21.20. Dkt. 43. On July 25, 2011, Defendants responded. Dkt. 49. On July 29, 2011, the Petersons replied. Dkt. 51.

## II. FACTUAL BACKGROUND

In their first amended complaint, the Petersons allege that Pioch approached them regarding certain investment opportunities with Graoch #111. Dkt. 16, ¶ 14. The Petersons subsequently invested $1,500,000 with Graoch #111. *Id*. ¶¶ 24, 29. On December 15, 2010, the Petersons wrote to Graoch and Gray, demanding return of their total investment of $1,500,000 plus outstanding dividends of approximately $45,000. *Id*. ¶ 45.

In the proposed second amended complaint, the Petersons allege that Pioch also approached them regarding investments in Graoch Associates #160 Limited Partnerships ("Graoch #160"). Dkt. 47, ¶ 31. Based on Pioch's representations, the Petersons initially invested $1,000,000 with Graoch #111 and $1,000,000 with Graoch #160. *Id*. ¶ 39. Martine Bertin-Peterson alleges that, based on Pioch's representations, she invested $150,000 with Graoch Associates #161 Limited Partnerships ("Graoch #161"). *Id*. ¶ 70.

Karl Peterson alleges that he serves as Trustee of the Helen C. Peterson Family Trust ("Trust"). *Id*. ¶ 3. He also alleges that, based on Pioch's and Gray's representations, he invested $100,000 on behalf of the Trust with 311 Highland Limited Partnership and 2431 F.M. Limited Partnership. *Id*. ¶¶ 76-79.

ORDER - 2

Finally, the Petersons allege that Gray and Pioch have commingled assets of the various corporate entities, including the use of the assets for Gray and Pioch's personal purposes. *Id.* ¶¶ 84-85.

### III.  DISCUSSION

"The court should freely give leave" for a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15," which is to facilitate decisions "on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Thus, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Id.* (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Federal Rule of Civil Procedure 20 provides for the permissive joinder of parties if the right to relief is asserted jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all parties will arise in the action.  Fed. R. Civ. P. 20(a).  These rules afford courts discretion, and "courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375-76 (9th Cir. 1980).  If the explicit requirements of Rule 20 are satisfied, courts consider several factors before determining whether to grant leave to amend:

> the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*Id.* at 1375.

When deciding whether to grant leave to add new claims, courts consider five additional factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

In this case, the Petersons seek leave to (1) add the Trust as a plaintiff, (2) add 311 Highland Limited Partnership, a Washington limited partnership; 311 G.P., L.P., a Washington limited partnership; 311-1 GP, Inc., a Washington corporation; 2431 F.M. Limited Partnership, a Washington limited partnership; 2431 G.P., L.P., a Washington limited partnership; 2431-1 GP, Inc., a Washington corporation; Graoch Associates #160 Limited Partnership, a Washington limited partnership; Graoch 160 G.P., L.P., a Washington limited partnership; Graoch Associates #161 Limited Partnership, a Washington limited partnership; Graoch 161 G.P., L.P., a Washington limited partnership; and Graoch 161-1 GP, INC., a Washington corporation as defendants, and (3) a cause of action under the SSA. Dkt. 43. Defendants oppose all of these proposed additions.

With regard to the new parties, Defendants contend that the new parties are not related to the current parties. Dkt. 49 at 5-6. Defendants attempt to limit the current complaint to one cause of action, breach of contract, and one contract while completely ignoring the standard that permissive joinder is for a "series of transactions or occurrences" with common questions of law or fact. Fed. R. Civ. P. 20. The Petersons have alleged that Gray and Pioch made representations that formed the basis of the Petersons' decisions to enter into various investment contracts with corporate entities that are alleged to have commingled assets, including commingled personal assets of Gray and Pioch. The Court finds that Defendants' arguments are without merit and that the Petersons have shown that permissive joinder of the additional parties is appropriate.

ORDER - 4

Defendants also contend that the Court should deny the Petersons leave to amend because it would be prejudicial. Defendants argue that the "jury might attribute liability for breach of one contract to liability for breach of another contract." Dkt. 49 at 6. Defendants have failed to show that this hypothetical confusion overcomes the policy of granting leave to amend with extreme liberality.

Finally, Defendants argue that the Court should deny the Petersons leave to amend as to the new claim because it would be futile. Defendants assert that the SSA cause of action must be plead with particularity under Fed. R. Civ. P. 9(b). Dkt. 49 at 6-8. Defendants, however, ignore recent authority to the contrary. In *King County v. Merrill Lynch & Co.*, W.D. Wash. Cause No. C10-1156 RSM, the Court found that an SSA claim must only meet the pleading requirements of Fed. R. Civ. P. 8(a). Defendants have failed to provide, and the Court is unaware of, any authority or persuasive reason to hold otherwise.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Petersons' motion for leave to amend complaint (Dkt. 43) is **GRANTED**.

DATED this 23rd day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5