UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KARL PETERSON and MARTINE BERTIN-PETERSON, husband and wife; and KARL PETERSON AS TRUSTEE OF THE HELEN C. PETERSON FAMILY TRUST, a New York irrevocable trust u/t/a dated October 18, 2001,<br><br>Plaintiffs,<br><br>v.<br><br>GRAOCH ASSOCIATES #111 LIMITED PARTNERSHIP, et al.,<br><br>Defendants. | CASE NO. C11-5069BHS<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants 2431 F.M. Limited Partnership, 2431 G.P., L.P., 2431-1 GP, Inc., 311 G.P., L.P., 311 Highland Limited Partnership, 311-1 GP, Inc, Graoch 111 GP LP, Graoch 111-1 GP Inc, Graoch 160 G.P., L.P., Graoch 161 G.P., L.P., Graoch 161-1 GP, Inc., Graoch Associates #111 Limited Partnership, Graoch Associates #160 Limited Partnership, Graoch Associates #161 Limited Partnership, Gary M Gray, Jane Doe Gray, and Lester Pioch's ("Defendants") motion to dismiss (Dkt. 106). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 25, 2011, Plaintiffs Karl Peterson, Martine Bertin-Peterson, and Karl Peterson as Trustee of the Helen C. Peterson Family Trust ("Plaintiffs") filed a complaint

ORDER - 1

against Defendants asserting five causes of action. Dkt. 1.  On February 14, 2011, Plaintiffs filed a First Amended Complaint.  Dkt. 16.  On August 24, 2011, Plaintiffs filed a Second Amended Complaint ("SAC") asserting six causes of action including violations of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"), and the Washington State Securities Act, RCW Chapter 21.20 ("WSSA").  Dkt. 55.

On November 8, 2011, Defendants filed a motion to dismiss the CPA and the WSSA causes of action.  Dkt. 106.  On December 5, 2011, Plaintiffs responded.  Dkt. 119.  On December 9, 2011, Defendants replied.  Dkt. 120.

## II. FACTUAL BACKGROUND

Plaintiffs allege that they entered into numerous subscription agreements with Defendants.  *See* SAC.  Pursuant to the agreements, Plaintiffs were to receive specific returns on their investments.  *Id*.  Plaintiffs allege that Defendants stopped paying the guaranteed returns and refused to return the initial investments.  *Id*.  With regard to the parties' state of residence, Plaintiffs' allege that they are citizens of New Mexico and that Defendants are corporate entities formed under the laws of Washington.  *Id*.

## III. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.

ORDER - 2

**A.    CPA**

Defendants move to dismiss Plaintiffs' CPA claim arguing that the "CPA is inapplicable to a transaction that did not have any effect on Washingtonians."  Dkt. 106. There are two recent opinions that support Defendants' position: *Schnall v. AT&T Wireless Servs., Inc.*, 168 Wn.2d 125, 142 (2010), and *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1262-63 (W.D. Wash. 2011).  Both of those opinions, however, have been vacated as to this specific CPA issue.  *Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260 (2011); *Keithly v. Intelius Inc.*, 2011 WL 2790471 (W.D.Wash. May 17, 2011).  In *Keithly*, Judge Lasnik found as follows:

> The Washington Supreme Court has withdrawn its original opinion in *Schnall v. AT & T Wireless Servs., Inc.*, and reissued an opinion that omits all discussion regarding the viability of a non-resident's CPA claim. *Schnall v. AT & T Wireless Servs., Inc.*, [171 Wn.2d 260 (2011)].  The Court is therefore left with the previous law of Washington, which recognized CPA claims asserted by non-resident consumers against Washington corporations.  *See Schnall v. AT & T Wireless Servs., Inc.*, 139 Wn.App. 280, 284 (2007); *McGinnis v. T–Mobile USA, Inc.*, 2008 WL 4772127 at *1 (W.D.Wash. Oct. 30, 2008); *Kelley v. Microsoft*, 251 F.R.D. 554, 552 (W.D.Wash. 2008). This interpretation of the statute is consistent with both the purpose of the CPA and the statutory language.

*Keithly*, 2011 WL 2790471 at *1.

Upon review of the cases, the Court also finds that the CPA recognizes claims asserted by non-resident consumers against Washington corporate entities.  Otherwise, Washington could "become a harbor for businesses engaging in unscrupulous practices out of state."  *Schall*, 171 Wn.2d at 287 (Sanders, J. dissent).  Therefore, Defendants' motion to dismiss Plaintiffs' CPA claim is denied.

In the alternative, Defendants request that the Court certify this issue to the Washington Supreme Court.  Dkt. 120 at 6.  Pursuant to RCW 2.60.020:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer

ORDER - 3

>the question of local law involved and the supreme court shall render its opinion in answer thereto.

The certification process serves the important judicial interests of efficiency and comity. As noted by the United States Supreme Court, certification saves "time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

In this case, the Court is not persuaded that the law is either unascertainable or not clearly determined. The CPA targets all unfair trade practices either originating from Washington businesses or harming Washington citizens. Therefore, the Court declines to certify this issue.

**B.   WSSA**

Defendants move to dismiss Plaintiffs' WSSA claim arguing that "choice of law principles counsel against applying the WSSA to the subject transaction." Dkt. 106 at 5. In determining choice of law, Washington applies the most significant relationship test under which each state's interest must be analyzed in relation to the specific issue. *Haberman v. WPPSS*, 109 Wn.2d 107, 134 (1987). Courts must first evaluate the parties' contacts with each interested jurisdiction, considering which contacts are most significant. *In re Badger Mountain Irr. Dist. Securities Litig.*, 143 F.R.D. 693, 699–700 (W.D.Wash. 1992). The court then considers the interests and public policies of potential interested jurisdictions. *Id*. at 700. If both Washington and the other jurisdiction have "significant contacts with the transaction, . . . public policy favors the application of Washington law." *Ito Intern. Corp. v. Prescott, Inc.*, 83 Wn.App. 282, 290 (1996). Moreover, the "application of Washington law would also encourage Washington residents involved in business transactions to behave responsibly." *Id*.

In this case, Defendants fail to provide a separate jurisdiction sufficient to perform a significant relationships test. Instead, Defendants merely argue that because Plaintiffs

ORDER - 4

have failed to allege significant contacts with Washington, the "policy motivations and legal foundation for applying Washington law are – at best – dubious." Dkt. 106 at 6. There is no legal support for Defendants' position that Plaintiffs have failed to state a claim upon which relief may be granted solely because the transactions were "extraterritorial." To the contrary, public policy favors the application of Washington law to ensure that Washington corporate entities behave responsibly. Therefore, the Court denies Defendants' motion to dismiss Plaintiffs' WSSA claim.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 106) is **DENIED**.

DATED this 26th day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5