UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARL PETERSON, et al.,

          Plaintiffs,

  v.

GRAOCH ASSOCIATES #111 LIMITED PARTNERSHIP, et al.,

          Defendants.

CASE NO. C11-5069 BHS

ORDER GRANTING PLAINTIFFS' DISCOVERY MOTIONS IN PART AND RENOTING THE MOTIONS IN PART

      This matter comes before the Court on Plaintiffs Karl Peterson and Martine Bertin-Peterson's ("Petersons") second (Dkt. 140) and third motion to compel discovery (Dkt. 149). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motions in part and renotes the motions in part for the reasons stated herein.

## I. PROCEDURAL HISTORY

      On August 24, 2011, the Petersons filed a Second Amended Complaint against Defendants Gary Gray ("Gray"), Lester Pioch ("Pioch"), and numerous Washington

corporations and limited partnerships (collectively "Defendants"). Dkt. 55. The Petersons allege that they invested in some of the business entities that loaned money to some of the partnerships with the ultimate goal of making real estate investments. *Id*., ¶¶ 24–85.

On June 19, 2012, the Petersons filed a second motion to compel discovery based on Defendants' failure to respond to interrogatories. Dkt. 140. On July 5, 2012, Defendants responded asserting that they had partially responded and additional responses would be forthcoming. Dkt. 146. On July 6, 2012, the Petersons replied. Dkt. 147.

On July 7, 2012, the Petersons filed the third motion requesting sanctions for Defendants' continued discovery violations, including certain Defendants' failure to attend depositions. Dkt. 149. On July 25, 2012, Defendants responded and argued that the action is subject to an automatic stay because some of the business entities are in receivership in state court. Dkt. 154. On July 27, 2012, the Petersons replied. Dkt. 155.

## II. FACTUAL BACKGROUND

On May 3, 2012, the Petersons served interrogatories and requests for production on Defendants. As of the date of this order, it is unclear whether any Defendant has fully responded to these discovery requests.

On May 3, 2012 the Petersons properly noted and served notices of depositions on all Defendants, setting those depositions for May 22, 23, 24 and 25. Dkt. 150, Declaration of Jonah O. Harrison, ¶ 3, Exh. B. After multiple delays, Pioch informed the Petersons that he would not be attending his deposition because he had decided to take a

trip to Europe. *Id*., Exh. G.  The business entities failed to produce a Rule 30(b)(6) representative and informed the Petersons that Gray would be the only individual to attend a deposition. *Id*., Exh. H.  During Gray's deposition, he was unprepared and failed to answer any substantive question.  Moreover, during a break in the deposition, Gray was arrested in the elevator lobby of the Petersons' counsel's office on an outstanding warrant issued by a state court judge for numerous discovery violations.  In the opening brief, the Petersons asserted that Gray has been jailed indefinitely pending his production of requested discovery in that state court action.  Dkt. 149 at 7.

With regard to the alleged automatic stays, one has expired and the other is only relevant to two named defendants.  The stay for Defendant Graoch Associates #161 Limited Partnership expired on June 24, 2012.  The second stay names only Defendants Groach Associates #111 Limited Partnership and Graoch Associates #160 Limited Partnership.

### III. DISCUSSION

As a threshold matter, no Defendant provided a substantive response to the Peterson's third motion regarding the failure to attend depositions.  Under the Local Rules, the Court may consider the failure to respond as an admission that the motion has merit.  Local Rule CR 7(b)(2).  The Court considers Defendants' failure to provide either a substantive response or an explanation for the blatant disregard of the rules of discovery as an admission that the Petersons' motion has merit.

With regard to the merits of the motions, if a party fails to comply with its discovery obligations, the opposing party may file a motion to compel and request

sanctions. Fed. R. Civ. P. 37(a). Sanctions imposed by the Court depend on the nature of the failure to comply with the rules. If a party fails to cooperate in discovery, the Court may issue an order compelling discovery and awarding attorneys' fees. *Id.* If a party fails to comply with an order of the Court or fails to attend a properly scheduled deposition, the Court may impose more drastic sanctions, including the entry of default judgment against the disobedient party. Fed. R. Civ. P. 37(b) & (d).

In this case, there are three different categories of disobedience. First, Gray appeared for his deposition, but has failed to cooperate in responding to interrogatories and requests for production. Gray has failed to provide any substantive excuse for the failure to provide discovery responses. Therefore, the Court grants the Petersons' motion to compel discovery against Gray. The details of the Court order to compel are provided in the following section.

Second, it appears that Defendants Groach Associates #111 Limited Partnership and Graoch Associates #160 Limited Partnership are entitled to a limited automatic stay. The Court will renote the Petersons' motions against these defendants.

Finally, the majority of Defendants failed to attend a properly scheduled deposition. No Defendant has provided a legitimate excuse for such failure. For example, Pioch decided to take a trip to Europe instead of attending the deposition. This is willful disobedience and blatant disregard for the rules of discovery. Therefore, the Court finds that the remaining Defendants have continually disobeyed the rules of discovery and that any sanction short of the entry of default judgment will not correct the disobedient conduct.

In light of the drastic nature of these sanctions, the Court finds that trial on the merits will not be needed. Therefore, the Court hereby strikes the trial date as well as pretrial motion deadlines. Should trial proceed against the remaining Defendants, the Court will set an appropriate date.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Petersons' second and third discovery motions (Dkts. 140 & 149) are **GRANTED in part** and **renoted in part** as follows:

1. The Petersons are awarded their reasonable expenses incurred in making the motions to compel.

2. Gray shall fully respond to the Petersons' discovery requests no later than August 6, 2012. Failure to respond may result in more severe sanctions. The Petersons may file a status update no later than August 10, 2012.

3. The Petersons are entitled to **DEFAULT JUDGMENT** against all Defendants except Gray, Groach Associates #111 Limited Partnership, and Graoch Associates #160 Limited Partnership. The Petersons may file a proposed default judgment no later than August 10, 2012.

4. The motions are renoted to September 28, 2012 as to Groach Associates #111 Limited Partnership, and Graoch Associates #160 Limited Partnership. These defendants may file a supplemental response no later than September 25, 2012, and the Petersons may file a supplemental reply no later than September 28, 2012.

5. The trial date and pretrial motion deadlines are stricken.

Dated this 31st day of July, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge