1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
7                                 AT TACOMA

8    KARL PETERSON, et al.,

9                    Plaintiffs,                    CASE NO. C11-5069 BHS

10           v.                                     ORDER DENYING
                                                    DEFENDANTS' MOTION FOR
11   GRAOCH ASSOCIATES #111 LIMITED                 RECONSIDERATION
     PARTNERSHIP, et al.,
12
                     Defendants.
13

14
            This matter comes before the Court on Defendants Graoch 111 G.P., L.P.; Graoch
15
     111-1 GP, Inc.; 311 G.P., L.P.; 311-1 GP, Inc.; 2431 G.P., L.P.; 2431-1 GP, Inc.; Graoch
16
     160 G.P., L.P.; Graoch 161 G.P., L.P.; Graoch 161-1 GP, Inc.; Lester Pioch ("Pioch");
17
     and Gary M. Gray's ("Gray") (collectively the "GSB Defendants") motion for
18
     reconsideration.  Dkt. 165.  The Court has considered the pleadings filed in support of the
19
     motion and the remainder of the file and hereby denies the motion for the reasons stated
20
     herein.
21

22

# I. PROCEDURAL HISTORY

On August 24, 2011, Plaintiffs Karl Peterson and Martine Bertin-Peterson ("Petersons") filed a Second Amended Complaint against the GSB Defendants, Graoch Associates #111 Limited Partnership, Graoch Associates #160 Limited Partnership, 311 Highland Limited Partnership, 2431 F.M. Limited Partnership, Graoch 160-1 G.P., L.P., Graoch 160-1 GP, Inc., Graoch 161-1 G.P., L.P., and Graoch 161-1 GP, Inc. ("Defendants").  Dkt. 55.  The Petersons allege that they invested in some of the business entities that loaned money to some of the partnerships with the ultimate goal of making real estate investments.  *Id*., ¶¶ 24–85.

On October 12, 2011, David Smith entered a notice of appearance on behalf of Defendants 2431 F.M. Limited Partnership, 2431 G.P., L.P., 2431-1 GP, Inc., 311 G.P., L.P., 311 HIghland Limited Partnership, 311-1 GP, Inc, Graoch 111 GP LP, Graoch 111-1 GP Inc, Graoch 160 G.P., L.P., Graoch 161 G.P., L.P., Graoch 161-1 GP, Inc., Graoch Associates #111 Limited Partnership, Graoch Associates #160 Limited Partnership, Graoch Associates #161 Limited Partnership, Gary M Gray, and Jane Doe Gray.  Dkt. 91. On October 20, 2012, Mr. Smith entered a notice of appearance on behalf of Defendant Lester Pioch.  Dkt. 97.

On June 19, 2012, the Petersons filed a second motion to compel discovery based on Defendants' failure to respond to interrogatories.  Dkt. 140.  On July 5, 2012, Defendants responded asserting that they had partially responded and additional responses would be forthcoming.  Dkt. 146.  On July 6, 2012, the Petersons replied.  Dkt. 147.

1    On July 7, 2012, the Petersons filed the third motion requesting sanctions for

2    Defendants' continued discovery violations, including certain Defendants' failure to

3    attend depositions.  Dkt. 149.  On July 25, 2012, Defendants responded and argued that

4    the action is subject to an automatic stay because some of the business entities are in

5    receivership in state court.  Dkt. 154.  On July 27, 2012, the Petersons replied.  Dkt. 155.

6    On July 31, 2012, the Court granted the Petersons' motions as to all Defendants

7    except Gray, Graoch Associates #111 Limited Partnership, and Graoch Associates #160

8    Limited Partnership.  Dkt. 156.  On August 8, 2012, Defendants filed a notice of intent to

9    file a motion for reconsideration reminding the Court that Graoch Associates #111

10   Limited Partnership, Graoch Associates #160 Limited Partnership, and other entities were

11   subject to a temporary automatic stay because of a state court receivership proceeding.

12   Dkt. 160.  On August 14, 2012, the GSB Defendants filed a motion for reconsideration.

13   Dkt. 165.

## II. DISCUSSION

15   Motions for reconsideration are governed by Local Rule CR 7(h), which provides

16   as follows:

17         Motions for reconsideration are disfavored. The court will ordinarily
           deny such motions in the absence of a showing of manifest error in the
18         prior ruling or a showing of new facts or legal authority which could not
           have been brought to its attention earlier with reasonable diligence.
19

20   Local Rule CR 7(h)(1).  In this case, the GSB Defendants move for reconsideration on

     the basis of manifest error
21
           because: (a) [the Order] was entered based on Defendant Pioch and
22         Gray's involuntary inability to appear for their depositions; (b) the Court

1    failed to consider the adequacy of sanctions less draconian than a default
2    judgment; and (c) the Court disregarded the substantive defenses set forth
     in Defendants' opposition briefs. In addition, the GSB Defendants are
3    incapable of paying any financial sanctions because their main assets are
     currently under the control of various receivers.

4    Dkt. 165 at 2.

5         First, the GSB Defendants argue that the Court failed to consider less drastic

6    sanctions. The GSB Defendants contend that, "[w]hile the Court recognized the

7    availability of less drastic sanctions, it failed to explicitly discuss why such sanctions

8    would be inadequate." Dkt. 165 at 7. The record adequately reflects Defendants' willful

9    failure to comply with discovery obligations and inability to appear or reschedule

10   depositions either individually or for Rule 30(b)(6) representatives. Moreover, the Court

11   imposed less drastic sanctions on Gray because he appeared at his deposition. The Court

12   allowed Gray additional time to comply with discovery that was propounded in May

13   2012. On August 10, 2012, the Petersons notified the Court that not only had Gray failed

14   to comply with his discovery obligations but also that defense counsel had failed to

15   contact the Petersons' counsel regarding either discovery or a rescheduled deposition.

16   Defendants' conduct clearly shows that less drastic sanctions would only delay the

17   ultimate outcome of this matter instead of discovery compliance and an actual decision

18   on the merits.

19        Second, the GSB Defendants argue that the Court failed to consider its substantive

20   arguments. Dkt. 165 at 7–8. In particular, the GSB Defendants contend that the Court

21   failed to consider the fact that Pioch was in Europe on "business" and that Gray was in

22   jail for failure to comply with discovery in another, similar matter. *Id.* The Court

1   considered these facts and found them to be unavailing.  Moreover, the Petersons' claims

2   should not be delayed pending an indefinite business trip or an indefinite jail term.

3        Finally, the GSB Defendants argue that the order "indirectly interferes with the

4   receivers' management and control of estate property."  Dkt. 165 at 8.  If any such

5   interference exists, then the particular receiver can bring the particular interference before

6   the Court.  Hypothetical problems do not create manifest error.

### III. ORDER

8        Therefore, it is hereby **ORDERED** that the GSB Defendants' motion for

9   reconsideration (Dkt. 165) is **DENIED**.

10        Dated this 22nd day of August, 2012.

                     BENJAMIN H. SETTLE
                     United States District Judge