UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARL PETERSON, et al.,

                Plaintiffs,

     v.

GRAOCH ASSOCIATES #111 LIMITED
PARTNERSHIP, et al.,

                Defendants.

CASE NO. C11-5069 BHS

ORDER GRANTING MOTION
TO INTERVENE, DENYING
MOTION TO VACATE, AND
GRANTING MOTION TO ENTER
JUDGMENT

       This matter comes before the Court on Cotswold Insurance Limited, the Ierullo

Family Trust, the Don Ierullo Family Trust, and Monica Simpson's ("LP Investors")

motion to intervene (Dkt. 184); Cascade Capital Group, LLC's (the "Receiver") motion

to vacate (Dkt. 211); and Karl Peterson, Martine Bertin Peterson, and the Helen C.

Peterson Family Trust's (the "Petersons") motion for entry of judgment (Dkt. 195).  The

Court has considered the pleadings filed in support of and in opposition to the motions

and the remainder of the file and hereby grants the motion to intervene, denies the motion

to vacate, and grants the motion to enter judgment for the reasons stated herein.

## I. PROCEDURAL HISTORY

       On August 24, 2011, the Petersons filed a Second Amended Complaint against

Defendants Gary Gray ("Gray"), Lester Pioch ("Pioch") and his marital community, 2431

1  F.M. Limited Partnership, 2431 G.P., L.P., 2431-1 GP, Inc., 311 G.P., L.P., 311 Highland

2  Limited Partnership, 311-1 GP, Inc, Graoch 111 GP LP, Graoch 111-1 GP Inc, Graoch

3  160 G.P., L.P., Graoch 161 G.P., L.P., Graoch 161-1 GP, Inc., Graoch Associates #111

4  Limited Partnership, Graoch Associates #160 Limited Partnership, and Graoch

5  Associates #161 Limited Partnership (the "Entity Defendants").  Dkt. 55.  The Petersons

6  allege that they invested in some of the business entities that loaned money to some of the

7  partnerships with the ultimate goal of making real estate investments.  *Id*., ¶¶ 24–85.

8  They also allege that Gray and Pioch failed to "maintain a separate corporate existence . .

9  . ."  *Id*., ¶ 85.

10         On July 31, 2012, the Court granted the Petersons' motions to compel, ordered as

11  sanctions the entry of default against Pioch, his marital community, 2431 F.M. Limited

12  Partnership, 2431 G.P., L.P., 2431-1 GP, Inc., 311 G.P., L.P., 311 Highland Limited

13  Partnership, 311-1 GP, Inc, Graoch 111 GP LP, Graoch 111-1 GP Inc, Graoch 160 G.P.,

14  L.P., Graoch 161 G.P., L.P., Graoch 161-1 GP, Inc., and Graoch Associates #161 Limited

15  Partnership (the "Default Defendants"), and renoted the motions to compel against Gray,

16  Graoch Associates #111 Limited Partnership, and Graoch Associates #160 Limited

17  Partnership.  Dkt. 156.  On  August 22, 2012, the Court denied reconsideration of that

18  order.  Dkt. 174.

19         On September 25, 2012, the LP Investors filed a motion to intervene.  Dkt. 184.

20  On October 9, 2012, the Petersons responded.  Dkt. 192.  On October 12, 2012, the LP

21  Investors replied.  Dkt. 197.

22

1    On October 11, 2012, the Petersons filed a motion for entry of judgment.  Dkt.

2 195.  On October 22, 2012, the Receiver responded.  Dkt. 200.  On October 26, 2012, the

3 Petersons replied.  Dkt. 206.

4    On November12, 2012, the Receiver filed a motion to vacate the Court's order

5 granting the sanction of default.  Dkt. 211.  On November 5, 2012, the Entity Defendants

6 filed a memorandum in support of the motion.  Dkt. 218.  On November 15, 2012, Gray

7 joined the motion.  Dkt. 214.  On November 26, 2012, the Petersons responded.  Dkts.

8 221, 222, & 223.  On November 30, 2012, the Receiver replied (Dkt. 224) and the Entity

9 Defendants replied (Dkt. 225).[1]

10                              **II. DISCUSSION**

11 **A.    Motion to Intervene**

12    The LP Investors move to intervene as a matter of right pursuant to Fed. R. Civ. P.

13 24(a).  Dkt. 184 at 2.  To intervene as a matter of right in a pending lawsuit, movants

14 must meet all four of the following requirements: (1) they must show their application is

15 timely; (2) they have an interest in the property or transaction which is the subject of the

16 action; (3) that the disposition of the action will impair or impede their ability to protect

17 that interest; (4) that their interest is not adequately represented by existing parties.

18 *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983).  "Rule 24

19 traditionally has received a liberal construction in favor of applications for intervention."

20

21 ───────────────

22    [1] The other pending motions (Dkts. 123, 140, 149, & 204) will be considered in a separate order.

ORDER - 3

1    *Id.* (quoting *Washington State Building & Construction Trades v. Spellman*, 684 F.2d 627

2    (9th Cir.), *cert. denied*, 461 U.S. 913 (1983)).

3         In this case, the LP Investors have shown that they should be allowed to intervene.

4    Considering the circumstances, their application is timely.  Although they could have

5    moved to intervene earlier, they present a valid excuse that they relied on the parties to

6    adequately represent themselves.  With regard to the other factors, the LP Investors have

7    an interest in the assets of the remaining entities, entry of judgment for the Petersons

8    would impair that interest, and it's at best unclear whether that interest is adequately

9    represented by an appointed receiver.  Therefore, the Court grants the LP Investors'

10   motion to intervene.

11   **B.   Motions to Vacate**

12        The Receiver and the Entity Defendants move to vacate the Court's order of

13   default against the Entity Defendants (Dkts. 211 & 218), and Mr. Gray joins in those

14   motions (Dkt. 214).  Mr. Gray's joinder fails to add any substantive argument beyond the

15   motion itself and, therefore, will not be directly addressed.

16        The Receiver's position is that entry of judgment would prejudice the rights of

17   creditors in the receivership case and substantially affect the receivership case.  Dkt. 224

18   at 2.  Specifically, the receiver argues that the Petersons "should not be able to fix the

19   amount of their claim, to the detriment of other creditors, by obtaining a judgment based

20   not on the merits of their claim, but the discovery violations of the Defendants in this

21   case."  *Id.* at 3.  The Petersons are entitled to the just and speedy determination of their

22   claims and, in their pursuit of this determination, were met with failures to participate and

1  undue delay.  The Receiver provides no authority for the proposition that determination

2  of the Petersons' legal claims should be delayed because other creditors, who may or may

3  not have separate legal claims, have allegedly agreed to participate in an equal

4  distribution of assets.  Therefore, the Court denies the Receiver's motion to vacate the

5  order of default.

6       The Entity Defendants move to vacate the order and "redirect this litigation back

7  on course so the issues may be decided on the merits in a manner that will not result in

8  prejudice."  Dkt. 218 at 2.  The Entity Defendants concede that they previously failed to

9  comply with discovery and argue that less drastic sanctions are more appropriate.  *Id*.

10  This position has been raised and addressed multiple times.  The Court disagrees and

11  reiterates that the sanctions were within the discretion of the Court based on the facts in

12  the record.  Therefore, the Court denies the Entity Defendants' motion.

13  **C.    Motion for Entry of Judgment**

14       The Petersons move for entry of judgment against the Default Defendants.  Dkt.

15  195.  The only issue is whether there exists a just reason for delay because the judgment

16  will be entered against some, but not all the parties.  *See* Fed. R. Civ. P. 54(b).  The Court

17  finds that there is no reason for delay.  Therefore, the Court grants the Peterson's motion

18  and the Clerk shall enter judgment for the Petersons against the Default Defendants.

19  **III. ORDER**

20       Therefore, it is hereby **ORDERED** that:

21

22

ORDER - 5

1.      The LP Investors' motion to intervene (Dkt. 184) is **GRANTED**;

2.      The Receiver's motion to vacate (Dkt. 211) is **DENIED**;

3.      The Petersons' motion for entry of judgment (Dkt. 195) is **GRANTED**; and

4.      The Clerk shall enter **JUDGMENT** for plaintiffs Karl Peterson, Martine Bertin Peterson, and the Helen C. Peterson Family Trust jointly and severally against defendants Lester Pioch, Jane Doe Pioch and the marital community comprised thereof, Graoch 111 GP, L. P., Graoch 111-1 GP, Inc., 311 Highland Limited Partnership, 311 GP LP, 311-1 GP, Inc., 2431 F.M. Limited Partnership, 2431 G.P., L.P., 2431-1 GP, Inc., Graoch 160 G.P., L.P., Graoch Associates #161 Limited Partnership, Graoch 161 G.P., L.P. and Graoch 161-1 GP, Inc. in the amount of $4,525,341.50, plus attorneys' fees and costs in an amount to be determined and post–judgment interest at 12%.

Dated this 13th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge