1

2

3

4

5

6           UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                   AT TACOMA

8   KARL PETERSON, et al.,

9                    Plaintiffs,              CASE NO. C11-5069 BHS

10        v.                                  ORDER

11  GRAOCH ASSOCIATES #111 LIMITED
    PARTNERSHIP, et al.,
12
                     Defendants.
13

14
        This matter comes before the Court on Plaintiffs Karl Peterson and Martine
15
    Bertin-Peterson's ("the Petersons") motion for partial summary judgment (Dkt. 123) and
16
    motions to compel (Dkts. 140 & 149) and Receiver Cascade Capital Group's ("Cascade")
17
    motion for a status conference (Dkt. 204).  The Court has considered the pleadings filed
18
    in support of and in opposition to the motions and the remainder of the file and hereby
19
    strikes the motion for partial summary judgment, renotes the motions to compel, and
20
    denies the motion for a status conference for the reasons stated herein.
21

22

ORDER - 1

1    On December 13, 2012, the Court entered judgment in favor of the Petersons

2  against all named Defendants except Gary Gray ("Gray"), Graoch Associates #111

3  Limited Partnership, and Graoch Associates #160 Limited Partnership ("Partnerships").

4  Dkt. 227.

5    With regard to Gray, the Petersons contend that he has filed for bankruptcy

6  protection, which may result in an automatic stay of this action against him.  *See* Dkt. 222

7  at 3.

8    With regard to the Partnerships, Cascade was appointed as receiver while the

9  Petersons' motions to compel were pending against the Partnerships.  *See* Dkt. 200.

10  Cascade requested 60 days to familiarize itself with the case before the Court granted any

11  further relief to the Petersons.  *Id*.  More than 60 days have passed and the remaining

12  issues have been significantly narrowed.  Moreover, there is no scheduling order in place.

13  Therefore, the Court **REQUESTS** a joint status report regarding the Partnerships'

14  discovery violations, appropriate sanctions, and whether the Court should issue a new

15  scheduling order so that the remaining issues may be decided on the merits.  The report

16  shall be filed no later than January 25, 2013.  If the parties disagree on certain issues,

17  each party may state its position in separate sections of the joint report.  The Court also

18  renotes the motions to compel to January 25, 2013.

19    With regard to the motion for summary judgment, the Court **STRIKES** the motion

20  from the Court's calendar.  The motion is irrelevant as to Graoch Associates #161

21  Limited Partnership, and Cascade should have an opportunity to respond to the motion as

22

1   it pertains to Graoch Associates #111 Limited Partnership.  The Petersons may renote the

2   motion or file a new motion once the discovery issues are resolved.

3         With regard to the motion for a status conference, the motion is **DENIED** in light

4   of the requested joint status report.

5         **IT IS SO ORDERED.**

6         Dated this 10th day of January, 2013.

7

8         _____

9         BENJAMIN H. SETTLE
          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3